**Jacques SANDIFER, Plaintiff—Appellant,**

v.

**Hansford T. JOHNSON, acting Secretary of the Navy, Defendant—Appellee.**

No. 06–55421.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Jayne F. Cucchiara, Esq., Law Office of Jayne F. Cucchiara, San Diego, CA, for Plaintiff–Appellant.

Cindy M. Cipriani, Esq., Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jacques Sandifer appeals from the district court's summary judgment for the Secretary of the United States Navy in Sandifer's Title VII action alleging the Navy discriminated on the basis of race

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and sex when it denied her a promotion to the position of Model Maker. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lyons v. England,* 307 F.3d 1092, 1110 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment to the Navy because Sandifer failed to raise a triable issue as to whether she contacted the Navy's office of Equal Employment Opportunity (the "Navy EEO") regarding the Model Maker position within forty-five days of the Navy's February 16, 2000, decision not to select her for that position. *See id.* at 1106–07 (holding that "the limitations period will begin to run for [a Title VII] claim from the date on which the underlying act occurs").

The record shows Sandifer contacted the Navy EEO on April 10, 2000 about the decision. Contrary to Sandifer's contentions, she failed to raise a triable issue as to whether she discussed the Model Maker position with the Navy EEO counselor on February 28, 2000. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002) ("[T]his court has refused to find a genuine issue [for trial] where the only evidence presented is uncorroborated and self-serving testimony.") (internal citations and quotations omitted); *id.* at 1065 n. 10 ("At summary judgment, this court need not draw *all* possible inferences in [the nonmoving party's] favor, but only all *reasonable* ones.").

**AFFIRMED.**